**MONTEIRO & FISHMAN LLP**
Marcus Monteiro, Esq.
   *Email: mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4530
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SANTOS ZAVALA, on behalf of himself and others similarly situated, | INDEX NO.: |
| Plaintiff, | COMPLAINT |
| -against- | FLSA COLLECTIVE ACTION RULE 23 CLASS ACTION |
| PIETRO CIPRIANO, MARIA MARKOVINA, and CIPRIANO LANDSCAPING – NURSERY, INC., | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiffs, SANTOS ZAVALA ("SANTOS") complaining of the Defendants herein, by their attorneys, MONTEIRO & FISHMAN LLP, upon information and belief, and at all times hereinafter mentioned, allege as follows:

## NATURE OF THE ACTION

1.    Plaintiffs allege on behalf of himself, and others similarly situated current and former and current employees of Defendants who elect to opt into this action, that he is entitled to, under 29 U.S.C. § 201 *et seq.* ("FLSA"), *inter alia*, from Defendants: (i) unpaid wages for overtime work performed, (i) liquidated damages, (iii) attorneys' fees, (iv) interest, and (v) all costs and disbursements associated with this action.

2.    Plaintiffs further allege that they are entitled to, under New York Labor Law, Art. 6, §§ 190 *et seq.* and Art. 19, §§ 650 *et seq.*, (collectively "NYLL"), and N.Y. Comp.

Codes R. & Regs. Tit. 12, §§ 142 and 146 from Defendants: (i) unpaid wages for overtime work performed, (ii) unpaid spread of hours wages for each day Plaintiffs worked ten or more hours, (iii) liquidated damages for failure to pay overtime premium and spread of hours pay, (iv) liquidated damages for failure to furnish Plaintiff a notice and acknowledgment at the time of hiring, (v) attorneys' fees, (vi) interest, and (vii) all costs and disbursements associated with this action.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 due to Plaintiffs' claims under FLSA, and supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper as Defendants conduct business in Nassau County, the wrongs complained of herein occurred in Nassau County and under 28 U.S.C. § 1391.

## PARTIES

*Plaintiff*

5.    Plaintiff, SANTOS resides in NASSAU County, New York.

*Defendants*

6.    All Defendants are collectively referred to as "Defendants."

7.    Upon information and belief, PIETRO CIPRIANO ("PIETRO") is the chief executive officer and/or a corporate officer of the CIPRIANO LANDSCAPING – NURSERY, INC. (the "CORP.").

8.    Upon information and belief, PIETRO resides at 361 Green Avenue, East Meadow, New York 11554.

2

9.    Upon information and belief, PIETRO resides at 355 Green Avenue, East Meadow, New York 11554.

10.    Upon information and belief, PIETRO resides at 349 Green Avenue, East Meadow, New York 11554.

11.    Upon information and belief, PIETRO resides at 148 Chestnut Street, East Meadow, New York 11554.

12.    Upon information and belief, PIETRO resides at 142 Chestnut Street, East Meadow, New York 11554.

13.    Upon information and belief, PIETRO is an officer of 1660 Front Street LLC, 361 Greene Avenue LLC, 355 Greene Avenue LLC, 349 Greene Avenue LLC, 148 Chestnut Avenue LLC, and 142 Chestnut Avenue LLC.

14.    Upon information and belief, PIETRO is: an officer, owns, is a majority shareholder, an agent of, has active control of the CORP., has operational control of the CORP., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORP., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the  CORP., determined employee salaries, made hiring decisions, maintains the employee records of the CORP., acts directly and indirectly for and in the interest of the CORP., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under  FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

15.    Upon information and belief, MARIA MARKOVINA ("MARIA") is a corporate officer of the CORP.

16.     Upon information and belief, MARIA resides at 138 Wheatley Road, Old Westbury, New York 11568.

17.     Upon information and belief, MARIA resides at 211 Park Avenue, Merrick, New York 11566.

18.     Upon information and belief, MARIA is: an officer, owns, is a majority shareholder, an agent of, has active control of the CORP., has operational control of the CORP., is the manager of the CORP., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORP., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the CORP., determined employee salaries, made hiring decisions, maintains the employee records of the CORP., acts directly and indirectly for and in the interest of the CORP., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

19.     Upon information and belief, MARIA is an officer of 211 Park Avenue LLC.

20.     Upon information and belief, Defendant the CORP. is a New York Corporation whose principal place of business is located at 1660 and 1661 Front Street, East Meadow, New York 11553.

21.     The CORP. is a full-service nursery that sells trees, shrubs, annuals, perennials, herbs and vegetables from "across the USA." It also is a florist that provides flowers for weddings, funerals and other events – from a "single bouquet to an extravagant wedding centerpiece." Additionally, it offers landscape design (including "total site

design"), garden maintenance (like "lawn care, pruning, mulching, fertilizing, annual planting, flower bed care, pond opening and cleaning, gutter cleaning") and pond installations.  Finally, it contains a gift shop that features "unique gifts."

22.     The CORP. conducts and carries on business in the County of Nassau, State of New York.

23.     The CORP. exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiff under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

24.     At all relevant times, Defendants employed more than two persons and have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25.     Upon information and belief, during each of the three years preceding the date of this complaint, Defendants have had gross revenues in excess of $500,000 per year.

26.     At all relevant times, Defendants had, and continue to have, employees handle and/or work on goods or materials that have been moved in, or produced, for commerce.

27.     At all relevant times, Plaintiffs, in their work for Defendants, have handled and worked on goods or materials that have been moved in, or produced, for commerce.

28.     At all relevant times, the CORP. was an "enterprise engaged in commerce or in the production of goods for commerce" under FLSA 29 U.S.C. § 203.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.    Plaintiffs bring these claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("Collective Plaintiffs").

30.    At all relevant times, Plaintiffs and the other Collective Plaintiffs are, and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other Collective Plaintiffs.

31.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 16(b) of the FLSA, 29 U.S.C. 216(B). The Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the Collective Plaintiffs via first class mail to the last address known to Defendants.

32.    The named Plaintiffs are representative of those other workers and is acting on behalf of Defendants' current and former employees' interest, as well as his own interest in bringing this action.

## CLASS ACTION ALLEGATIONS

33.    Plaintiffs also bring their N.Y. Lab. Law claims pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

34.    All said persons, including Plaintiffs, are referred to herein as the "Class" or the "Rule 23 Class."  The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P. 23.

35.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) members of the Class.

36.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other

7

Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

37.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

38.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. In addition, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class

members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

39.    Upon information and belief, Defendants and other employers throughout the state violated the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

40.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Plaintiffs and the Rule 23 Class are non-exempt from entitlement to overtime compensation for all hours worked in excess of 40 hours per week;

b)    What policies, practices and procedures Defendants implemented regarding payment of overtime compensation, spread of hours, and breaks and meal periods;

c)    Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per week within the meaning of the NYLL Article 19 § 650 *et seq*. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

d)   Whether Defendants failed to pay Plaintiffs and the Rule 23 Class spread of hours pay by failing to pay an additional hour's pay when they worked more than ten (10) hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

e)   Whether Defendants failed to provide Plaintiffs and the Rule 23 Class breaks and meal periods in violation of NYLL sect. 162(4);

f)   Whether Defendants wrongfully interfered with the rights of Plaintiffs and the Rule 23 Class to immediate possession of earned wages and, thus, engaged in unlawful conversion of their compensation;

g)   The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

h)   Whether Defendants failure to pay Plaintiffs and the Rule 23 overtime compensation for all hours worked in excess of forty (40) hours per week, spread of hours pay was done willfully or with reckless disregard for the applicable federal and state wage and hours laws, and whether Defendants' failure to afford proper meal and break period was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

## **STATEMENT OF FACTS**

41.   Defendants PIETRO and MARIA are in charge of hiring Plaintiffs.

42.   Defendants PIETRO and MARIA decided the job duties that Plaintiffs preform.

43.     Defendants PIETRO and MARIA determined Plaintiffs hourly rate of pay.

44.     Defendants PIETRO and MARIA have determined Plaintiffs work schedule.

45.     Defendants PIETRO and MARIA have determined the number of hours that Plaintiffs worked.

46.     Defendants PIETRO and MARIA have participated, controlled, directed, and have operational control of the day to day operations of the CORP.

47.     Defendants PIETRO and MARIA managed Plaintiff's employment, including the amount of overtime that they worked each workweek.

48.     Defendants PIETRO and MARIA have dictated, controlled, and ratified the wage and hour and related employee compensation policies.

49.     Defendants PIETRO and MARIA were aware of Plaintiffs work hours, but failed to pay Plaintiffs the full and proper amount of wages they were entitled to each week.

50.     SANTOS was employed by Defendants as a landscaper and nursery worker from March 5, 2016 until June 2017.  SANTOS generally worked from 7:00 am until 5:30 pm on Monday through Friday, and 7:00 am until 4:30 p.m. on Saturday until March 2017, when he worked 7:00 am until 5:30 pm on Saturday.  SANTOS was paid by both check and cash.  He was given a flat weekly pay of $364.34 gross by check (net $300), along with about $240 in cash.

51.     Defendants did not keep a precise accounting of SANTOS' time worked.

52.     Additionally, SANTOS was not paid spread of hours pay.

53.    During the work-week of May 6, 2017 until May 12, 2017 SANTOS worked about 62 hours, but was only paid a flat weekly rate of $364.34 by check and $240 cash. During that work-week, SANTOS was not paid an overtime premium or spread of hour pay.

54.    Plaintiffs did not supervise any other employee and had no supervisory authority whatsoever over any other person.

55.    While Plaintiffs and Collective and Class plaintiffs, worked in excess of forty hours a week, Defendants willfully failed to pay them minimum wage and overtime compensation for the overtime hours worked.

56.    Also, Plaintiffs and Collective and Class plaintiffs, typically worked more than ten hours each day during the week, yet Defendants willfully failed to pay them spread of hours wages.

57.    When Defendants hired Plaintiffs, and Collective and Class plaintiffs, they never furnished them with a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

58.    Defendants never paid Plaintiffs, and Collective and Class plaintiffs, wages with a pay statement containing the following information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours

worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized

deductions, and/or itemized allowances.

59.    Defendants failed to post or keep posted a notice explaining the minimum

wage and overtime pay rights provided by the NYLL.

60.    During all relevant times, Defendants failed to maintain accurate and

sufficient records.

61.    Defendants knew that nonpayment of overtime would economically injure

Plaintiffs, the FLSA Collective Plaintiffs and members of the Class, and violated State and

Federal laws.

62.    Defendants committed the following acts against Plaintiffs, the FLSA

Collective Plaintiffs and members of the Class knowingly, intentionally and willfully.

## FIRST CLAIM FOR RELIEF
### (FLSA Claims, 29 U.S.C. §§ 201, et seq., Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

63.    Plaintiffs, on behalf of themselves, the Class and the FLSA Collective

Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were

set forth again herein.

64.    Further, Defendants failed to keep accurate records in accordance with the

FLSA, 29 U.S.C. § 203(c), and 29 C.F.R. § 516.

65.    Defendants also failed to post notices of employees' rights as required by

29 C.F.R. § 516.4.

66.    Because of Defendants' failure to post notices of the employees' rights,

Plaintiffs and each collective/class member is entitled to the equitable tolling of their

claims from the start of the period of time during which Defendants failed to post such notices.

67.    The foregoing conduct, as alleged, constitutes a willful violation of FLSA under 29 U.S.C. § 255(a).

68.    As a result of the Defendants failure to record, report, credit and/or compensate its employees, including the Plaintiff and the collective action members, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

69.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

70.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, for Defendants failure to comply with its obligations to post notices, keep records, liquated damages as provided by the FLSA for minimum wage violations, attorney's fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq*.**
**Brought by Plaintiffs on Behalf of Themselves**
**And the FLSA Collective Plaintiffs)**

71.    Plaintiffs, on behalf of themselves, the Class and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

72.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for those hours worked in excess of forty hours per workweek.

73.     At all relevant times, Defendants has and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and FLSA Collective Plaintiffs at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

74.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

75.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act)**
**(New York Labor Law §§ 650 et seq. Brought by**
**Plaintiffs on Behalf of Themselves and the Class)**

76.     Plaintiffs, on behalf of themselves, the Class and other FLSA Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

77.   At all relevant times, Defendants employed Plaintiff and the Class within the meaning of N.Y. Lab. Law §§ 2 and 651, and 12 N.Y.C.R.R. 146-3.2.

78.   Defendants knowingly paid the Plaintiffs and the Class less than the New York State minimum wage.

79.   Defendants did not pay Plaintiffs and the Class the New York minimum wage for all hours worked.

80.   Defendants' failure to pay Plaintiffs and the Class the New York minimum wage was willful.

81.   As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post- judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law §663.

## FOURTH CLAIM FOR RELIEF
### (New York Overtime Violations)
### (New York Minimum Wage Act, N.Y. Stat. §§ 650 et seq., N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.2 and 146-1.4 Brought by Plaintiffs on Behalf of Themselves and the Class)

82.   Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

83.   Defendants willfully violated Plaintiffs' rights by failing to pay them, and the Class, overtime compensation at a rate of not less than one-half times his hourly wage for each hour worked in excess of forty hours per workweek, violating 12 N.Y.C.R.R. §§ 146-1.4, 142- 2.2.

84.     As a result of Defendant's willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and- post judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions)
### (N.Y. Lab. L. § 650 *et seq*., and N.Y. Comp. Code R. & Regs. Tit. 12, § 142-2.4(a), 142-2.18 and 146-1.6 Brought by Plaintiffs on Behalf of Themselves and the Class)

85.     Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

86.     Plaintiffs and the Class regularly had workdays that lasted more than ten (10) hours.

87.     Defendants willfully and intentionally failed to compensate Plaintiffs and the Class one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, violating New York's spread of hours compensation regulations under 12 N.Y.C.C.R. § 146-1.6.

88.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SIXTH CLAIM FOR RELIEF
### (New York Notice Requirements)
### (N.Y. Lab. L. §§195,198 Brought by Plaintiffs on Behalf of Themselves and the Class)

89.     Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective

Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

90.    Defendants failed to furnish to Plaintiff at the time of hiring a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

91.    Due to Defendants' violating N.Y. Lab. Law § 195(1), Plaintiffs, and the Class, are entitled to recover from Defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of this action under N.Y. Lab. Law § 198(1-b).

**SEVENTH CLAIM FOR RELIEF**
**(New York Wage Statement Requirements)**
**(N.Y. Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 146-2.3**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

92.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

93.    Defendants paid  Plaintiffs, and the Class,  wages, either by cash, or with a pay stub containing the following missing and/or willfully incorrect information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances, violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3.

94.    Due to Defendants violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3, Plaintiffs are entitled to recover from Defendants liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

**EIGHTTH CLAIM FOR RELIEF**
**(New York Records Requirements)**
**(N.Y. Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 146-2.1)**

95.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

96.    Defendants are required to keep records for six years, which must include an accurate records of employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions and/or itemized allowances.

97.    Despite its obligations, Defendants failed to keep records in accordance with 12 N.Y.C.C.R. § 146-2.1.

98.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## NINTH CLAIM FOR RELIEF
### (Conversion)

99.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

100.    Defendants failed to compensate Plaintiffs for wages earned during the course of their employment with Defendants.

101.    As a result, Defendants willfully interfered with Plaintiff's, and the Classes rights to immediate possession of the full amount of these wages.

102.    Because of Defendants' unlawful conversion of Plaintiffs' compensation, and to which they are entitled to immediate possession of, Plaintiffs have suffered, and will continue to suffer, substantial economic damages.

## TENTH CLAIM FOR RELIEF
### (Alternatively, Unjust Enrichment and Quantum Meruit)

103.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

104.    Plaintiffs, and the Class, performed numerous and valuable services at the behest of Defendants.

20

105.    Plaintiffs, and the Class, were not paid for the reasonable value of those services.

106.    Defendants benefitted from Plaintiffs and the Classes services, at Plaintiffs' expense.

107.    Equity and good conscience require that Plaintiffs and the Class be paid the reasonable value for their services that were wrongfully withheld by Defendants in an amount to be determined at trial.

## DEMAND FOR TRIAL BY JURY

Plaintiff, and the Class, demand a trial by jury on all issues so triable as a matter of right.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays this Court grant as relief the following:

a.    Designating this action as a collective action on behalf of the collective action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the collective action members;

b.    Alternatively, to designate this action as a Rule 23 class action, and appoint the plaintiff and the plaintiffs' attorneys to represent the class members;

c.    Declaring that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law ;

d.    Awarding all unpaid compensation due under the FLSA;

e.    Awarding Plaintiff liquidated damages due to Defendants' willful failure to pay minimum wage and overtime compensation, under

the FLSA;

f.      Awarding Plaintiff an award of unpaid minimum wage, overtime, spread of hours, and uniform maintenance compensation, under the N.Y. Lab. Law;

h.      Awarding Plaintiff liquidated damages due to Defendants' willful failure to pay minimum wage, overtime, and spread of hours under the N.Y. Lab. Law;

i.      Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring under the N.Y. Lab. Law;

j.      Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish correct statements with each payment of wages under the N.Y. Lab. Law;

k.       Awarding Plaintiff liquidated damages as a result of Defendants' failure maintain records under the N.Y. Lab. Law;

l.      Awarding Plaintiff pre-judgment interest;

m.      Awarding Plaintiff post-judgment interest; and

n.      Granting such other and further relief as this Court deems just and proper.

Dated:  January 10, 2018


MONTEIRO & FISHMAN LLP


By:____/S/_____
     Marcus Monteiro
     *mmonteiro@mflawny.com*
     91 N. Franklin Street, Suite 108
     Hempstead, New York 11550
     Telephone: (516) 280.4600
     Facsimile: (516) 280.4530
     **Attorneys for Plaintiffs**
     Collective Plaintiffs and
     Class Plaintiffs